JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

06 CV 13114

-----------------------------------X

RFMAS, INC and

               Plaintiffs,

-against-

MIMI SO and MIMI SO INTERNATIONAL,
INC. and RICHEMONT FINANCIÈRE SA
and COMPAGNIE FINANCIERE
RICHEMONT SA and RICHEMONT NORTH
AMERICA

               Defendants.

-----------------------------------X

COMPLAINT
JURY DEMAND



## COMPLAINT

Plaintiff, R.F.M.A.S, Inc. ("Plaintiff") brings this complaint against Mimi So ("So"), Mimi So International, Inc. ("So Intenational"), Richemont Finance SA ("Richemont"), Compagnie Financiere Richemont SA ("Richemont Financiere"), and Richemont North America, Inc. ("Richemont North America"), alleging as follows:

### PARTIES

1. Plaintiff is a corporation duly organized and existing under the laws of the State of New York with its principle place of business located at 5 East 57th Street, 7th Floor, New York, New York 10022.

2. On information and belief Defendant, So, is an individual located at 580 5th Avenue, New York, NY 10036.

3. On information and belief Defendant, So International, is a corporation of New York with an

office at 580 Fifth Avenue, New York, NY 10036.

4. On information and belief Defendant, Richemont Finance SA, is a corporation (society anomyne) of the Grand Duchy of Luxenborg located in Luxenborg and is a related entity to Richemont Financiere.

5. On information and belief Defendant, Richemont Financiere, is a corporation of Switzerland located at 50, chemin de la Chênaie, 1293 Bellevue, Geneva, Switzerland.

6. On information and belief Defendant, Richemont North America, Inc., is a subsidiary of Richemont Financiere SA, with an office at 645 Fifth Avenue, New York, NY 10022

## JURISDICTION AND VENUE

7. This is an action for copyright infringement and arises under the Copyright Act, 17 U.S.C. § 101, et seq., based on acts of copyright infringement committed in the United States. This Court has exclusive jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is properly placed in this District for the claims made against all Defendants under 28 U.S.C. §§ 1400 and 1391, because a substantial part of the events giving rise to these claims occurred within this district.

## NATURE OF THE DISPUTE

9. Plaintiff, who owns a copyright in jewelry designs, brings this infringement action to stop the Defendants from continuing to profit from the blatant infringement of Plaintiff's copyrighted work. Defendants have had access to Plaintiff's works, and Defendants' works are remarkably similar to Plaintiff's copyrighted works and Defendants' actions have caused Plaintiff irreparable injury. Plaintiff for this reason seeks injunctive and monetary relief for Defendants' infringement.

## FACTS

10. Plaintiff, RFMAS, Inc., is a prominent designer of jewelry that it markets and sells under the trademark Faraone Mennella to up-scale retail stores in the United States and throughout the world, including Nieman Marcus, Saks 5th Avenue, Bergdorf Goodman and many other similar retail stores.

11. Plaintiff created a particular jewelry design ("Subject Works") that has received extensive acclaim and extensive sales.

12. The Subject Works are original works of creation comprising copyrightable subject matter under the copyright law of the United States, 17 U.S.C. Sections 101 *et seq*.

13. Plaintiff has duly registered and received a Certificate of Registration from the United States Copyright Office covering the Subject Works under registration number VA-1-260-162 (Exhibit "A").

14. A copy of the Subject Works are attached hereto as Exhibit "B."

15. Plaintiff's principal designers are Italian citizens and nationals and the Subject Works were designed and first published in Italy, a signatory country of the Berne Convention, so no U.S. copyright registration is required as a prerequisite to suit.

16. Plaintiff is the creator and owner of all right, title and interest, in the Subject Works and has complied in all respects with the laws governing copyright and secured all the exclusive rights and privileges respectively, in and to, the Subject Works.

17. So, and So International ("the So Defendants") are selling infringing items to entities in the

United States, and particularly to entities in the State of New York.

18. The So Defendants' made and/or sold infringing products, seen in Exhibit "C," substantially similar to, and infringe, Plaintiff's copyright in the Subject Works.

19. The So Defendants have willfully, intentionally and knowingly infringed Plaintiff's copyright in to the Subject Works.

20. The So Defendants had access to Plaintiff's designs of the Subject Works through Richemont Finance, Richemont Financière, and Richemont North America (collectively "the Richemont Defendants"), who on information and belief own or have a financial interest in the So Defendants.

21. The Richemont Defendants set up meetings with Plaintiff and the So Defendants and induced Plaintiff to disclose all of their proprietary information, including the information concerning the designs at issue, to the So Defendants and the Richemont Defendants at those meetings.

22. The meetings occurred in Plaintiff's offices in New York between October 2004 and September 2006.

23. Plaintiff's principals participated for Plaintiff, Ed McQuigg-VP Marketing, Christopher Colfer- Head-of-Acquisitions, and Claude Reininger-VP Global Marketing, participated for the Richemont Defendants, and Mimi So participated for the So Defendants.

23. The meeting was supposedly to discuss the possible acquisition of Plaintiff's business or an investment in Plaintiff's business by the Richemont Defendants.

24. Under that guise, Plaintiff permitted the Richemont Defendants and So Defendants to examine Plaintiff's confidential and proprietary books and records, plans and strategies, and to learn its business strategy, including which designs were the best sellers and the identity of

Plaintiff's customers.

25. With that information the So Defendants copied Plaintiff's best selling designs the Subject Works and began selling these copied designs to Defendant's largest account.

26. Upon information and belief, Defendant So is the principal of the closely held corporation, which she dominates, So International, and has knowledge of the infringing sales of the Subject Works of So International.

27. Upon information and belief, Defendant So participates and has participated in the infringing sales of the Subject Works by and through Defendant So International.

28. Upon information and belief, Defendant So is in a position to, and does, supervise and control the infringing sales of the Subject Works by Defendant So International.

29. Upon information and belief, Defendant So receives a direct financial benefit from the infringing sales of the Subject Works by Defendant So International.

30. Upon learning of Defendants' infringement, Plaintiff sent Defendants a cease and desist letter.

31. Defendants' attorney contacted Plaintiff's attorney to discuss the issues involved, and therefore knew well Plaintiff was represented by counsel.

32. Nevertheless, another of Defendants' attorneys, Shelia Henderson, Esq., contacted Plaintiff's principals directly without notice to or seeking permission from Plaintiff's counsel.

33. Ms. Henderson told Plaintiff's principals she wanted to discuss Plaintiff's counsel's letter. She knew Plaintiff was represented by counsel.

34. Ms. Henderson met with Plaintiff's principals at the Four Seasons Hotel on Fifty Seventh Street in New York on October 11, 2006.

35. The meeting took place without Plaintiff's attorney present or notified.

36. Ms. Henderson interviewed Plaintiff's principals concerning the case in minute detail, taking detailed notes of the entire conversation, including obtaining Plaintiff's litigation strategy and Plaintiff's attorney client privileged conversations with its attorneys.

## COUNT I

### COPYRIGHT INFRINGEMENT

37. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 36 inclusive and incorporate them herein by reference.

38. Plaintiff's designs are known in the jewelry field for their inherently distinctive quality.

39. Defendants, with full knowledge of Plaintiff's rights to the designs of the Subject Works, willfully and intentionally infringed these rights by making and selling unauthorized copies substantially similar in total look, feel and concept to Plaintiff's Subject Works.

40. Plaintiff has been damaged by loss of sales and misappropriation of profits by Defendants' infringing activities.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

(A) That the Court finds that Defendants have infringed Plaintiff's copyright.

(B) That the Court find there is a substantial likelihood that Defendants will continue to infringe Plaintiff's copyrights in the Subject Works, and works derivable from it, unless enjoined from doing so.

(C) That Defendants, their directors and officers, its agents, servants, employees, and all other persons in active concert or privity or in participation with them, be

preliminarily enjoined during the pendency of this action and permanently enjoined thereafter, from directly or indirectly infringing Plaintiff's copyrights in any manner including, but not limited to, importing, manufacturing, publishing, vending, distributing, offering, selling, displaying, promoting, advertising, licensing, leasing, or disposing of Subject Works or an works substantially similar hereto or of any works derived from or copied from the Subject Works.

(D) That Defendants, their directors and officers, their agents, servants, employees, and all other persons in active concert or privity or in participation with it be enjoined to recall from all customers, distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants to return to Plaintiff any and all originals, copies, or duplicates of the Subject Works, in their possession, custody or control.

(E) That Plaintiff be awarded such damages, including compensatory damages and loss of profits, as are appropriate in view of the willful conduct on the part of each of Defendants, in an amount of, Sixty Million Dollars ($60,000,000.00).

(F) That there be an accounting ordered of all gains, profits and advantages derived by Defendants from the infringement, and that it be further ordered that Defendants be required to pay to Plaintiff the damages and profits allowable by the copyright law including the actual damages that Plaintiff has sustained and Defendants' profits attributable to the copyright infringement, or statutory damages at Plaintiff's election.

(G) That Defendants be ordered to pay the Plaintiff the costs of this action and Plaintiff's reasonable attorney fees.

(H)   That the Court grant Plaintiffs such other and further relief as is just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

STEPHEN E. FELDMAN, P.C.

By: _____
Kenneth S. Feldman, (KSF)
12 East 41st Street
New York, New York 10017
(212) 532-8585

Dated: New York, New York
       November 8 , 2006