Roger L. Zissu (rzissu@frosszelnick.com)
John P. Margiotta (jmargiotta@frosszelnick.com)
Evan Gourvitz (egourvitz@frosszelnick.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for the Richemont Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x   ECF CASE

R.F.M.A.S., INC.

                              Plaintiff,            :   Case No. 06-CV-13114 (VM)

          v.

MIMI SO, MIMI SO INTERNATIONAL, INC.,
RICHEMONT S.A., COMPAGNIE FINANCIERE
RICHEMONT S.A., RICHEMONT NORTH AMERICA,
RICHEMONT HOLDINGS I, and RICHEMONT
INTERNATIONAL, LTD.

                              Defendants.

------------------------------------------------------------------ x


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>SUMMARY JUDGMENT AGAINST THE RICHEMONT DEFENDANTS</u>**

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................

PRELIMINARY STATEMENT .................................................................................1

STATEMENT OF FACTS RELATED TO PLAINTIFF'S MOTION ...........................................3

    *The Richemont Group's Investment in MSI* ..................................................................3

    *Design and Sale of the Gate B9 Collection* ...............................................................5

    *The Richemont Group's 2004 Discussions with Plaintiff* .................................................5

    *Marketplace Conditions Surrounding the Release of Gate B9* ...............................................7

    *Plaintiff's Tactics of Distraction* ........................................................................7

ARGUMENT ...........................................................................................10

    I    THE SUMMARY JUDGMENT STANDARD ....................................................................10

    II.    PLAINTIFF HAS FAILED TO COME FORWARD WITH ANY ADMISSIBLE EVIDENCE TO SUPPORT A FINDING OF VICARIOUS OR CONTRIBUTORY COPYRIGHT INFRINGMENT AGAINST THE RICHEMONT DEFENDANTS......10

        A.    The Richemont Defendants Did Not Contributorily Infringe Plaintiff's Works ...............................................................................10

            1.    The Richemont Defendants' Minority Financial Investment in MSI Cannot Form the Basis for a Finding of Contributory Infringement...........................12

            2.    The Richemont Defendants' 2004 Meetings With Plaintiff Cannot Form the Basis for a Finding of Contributory Infringement ...........................................13

            3.    Sales of Gate B9 Jewelry in Japan by Richemont Japan, a Non-Defendant, Cannot Form the Basis for a Finding of Contributory Infringement...............15

        B.    The Richemont Defendants Did Not Vicariously Infringe Plaintiff's Works .......16

            1.    Plaintiff Has Failed to Establish that Any Richemont Defendant Exercised Control Over MSI's Creative Activities, Including the Creation of the Gate B9 Collection...................................................................17

            2.    Plaintiff Has Failed to Establish that Any Richemont Defendant Benefited Financially from the Alleged Infringement ..................................................19

III.   THERE IS NO BASIS FOR A SPOLIATION SANCTION AGAINST THE
       RICHEMONT DEFENDANTS....................................................................................20

       A.   Plaintiff Fails to Make Any Showing That the Richemont Defendants Had
            Control Over the Evidence at Issue .....................................................................21

       B.   Plaintiff Fails to Make Any Showing That the Richemont Defendants Destroyed
            the Alleged Evidence With a Culpable State of Mind...........................................22

       C.   Plaintiff Fails to Make Any Showing That Evidence Allegedly Destroyed was
            Relevant to its Claims .........................................................................................23

       D.   Sheila Henderson's Meeting with Plaintiff's Principals Is Not a Basis for
            Spoliation Sanctions or Any Other Sanctions.......................................................24

CONCLUSION.............................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

### <u>FEDERAL CASES</u>

*A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)......................................11, 14

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ........................................................................10

*Banff Limited v. Limited, Inc.*, 869 F. Supp. 1103 (S.D.N.Y. 1994)............................................17

*Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) ................................................................................................................................12

*In re Chan*, 271 F. Supp. 2d 539 (S.D.N.Y. 2003) .......................................................................25

*Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568 (2d Cir. 1993) ..............................10

*Demetriades v. Kaufmann*, 690 F. Supp. 289 (S.D.N.Y. 1988)..............................................12, 17

*Deutsch v. Arnold*, 98 F.2d 686 (2d Cir. 1983)...........................................................................20

*E-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728 (S.D.N.Y. 1996)..................................................11

*Faison v. Thornton*, 863 F. Supp. 1204 (D. NV 1993) .................................................................25

*Faulkner v. National Geographic Enterprises, Inc.*, 409 F.3d 26 (2d Cir. 2005) ........................11

*Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, 1996 WL 724734 (S.D.N.Y. Dec. 17, 1996) ................................................................................................................................16

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2d Cir. 1971) ........................................................................................................................11, 14, 19

*Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007).....................................................................10

*Jeffreys v. City of New York*, 426 F.2d 549 (2d Cir. 2005)..........................................................10

*Kronisch v. U.S.*, 150 F.3d 112 (2d Cir. 1998) ...........................................................................21

*Livnat v. Lavi*, 1998 WL 43221 (S.D.N.Y. Feb. 2, 1998)............................................................12

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ...........................................10

*McClellan v. Smith*, 439 F.3d 137 (2d Cir. 2006).......................................................................10

*Matthew Bender & Co. v. West Publishing Co.*, 158 F.3d 693 (2d Cir. 1998)............................11

*Metzke v. May Department Stores Co.*, 878 F. Supp. 756 (W.D. Pa. 1995)..................................16

*In re News America Inc.*, 974 S.W.2d 97 (Ct. App. Tex. 1998) ....................................................25

*Producers, Inc. v. Shulton, Inc.*, 525 F. Supp. 631 (S.D.N.Y. 1981)...........................................12

*Quiroa v. Fall River Music, Inc.*, 1998 WL 851574 (S.D.N.Y. Dec. 7, 1998).......................12, 14

*Reinhardt v. Wal-Mart Stores, Inc.*, 547 F. Supp. 2d 346 (S.D.N.Y. 2008)..................................11

*Residential Funds Corp. v. Degeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002).............21, 22

*Richard Feiner & Co. v. Turner Entertainment Co.*, 1998 WL 78180 (S.D.N.Y. Feb. 24, 1998) .................................................................................................................................16

*Schuchart & Associates v. Solo Serve Associates*, 1983 WL 1147 (W.D. Tex. 1983).................18

*Screen Gems-Columbia Music, Inc. v. Mark-Fi Records, Inc.*, 256 F. Supp. 399 (S.D.N.Y. 1966) .................................................................................................................................11

*Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304 (2d Cir. 1963) ...........................17, 20

*Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) ..............................16

*Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004)...........................10

*Zubalake v. UBS Warburg LLC*, 220 F.R.D 212 (S.D.N.Y. Oct. 22, 2003)...................................21

## FEDERAL RULES

Fed. R. Civ. P. 7(b)(2)........................................................................................................................1

Fed. R. Civ. P. 56(c) .......................................................................................................................10

Fed. R. Evid. 408 .............................................................................................................................15

Fed. R. Evid. 701 .............................................................................................................................15

Fed. R. Evid. 901(a)...........................................................................................................................1

## MISCELLANEOUS

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* (1999)...........................................16

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

**PAGE FILED UNDER SEAL**

# PAGE FILED UNDER SEAL

## CONCLUSION

For the reasons stated above, the Richemont Defendants respectfully request that this Court deny Plaintiff's motion for partial summary judgment in its entirety.

Dated: New York, New York
      September 19, 2008

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____

Roger L. Zissu (rzissu@frosszelnick.com)
John P. Margiotta (jmargiotta@frosszelnick.com)
Evan Gourvitz (egourvitz@frosszelnick.com)
866 United Nations Plaza
New York, New York 10017
(212) 813-5900
*Attorneys for the Richemont Defendants*

{381035.1 }