USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
R.F.M.A.S., INC.,  :
 : 06 Civ. 13114(VM)
                    Plaintiff,  :
 : **DECISION AND ORDER**
   - against -  :
 :
MIMI SO et al.,  :
 :
                    Defendants.  :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiff R.F.M.A.S., Inc. ("RFMAS") brought this action against defendants Mimi So, Mimi So International, Inc., Richemont SA, Compagnie Financière Richemont SA, Richemont North America, Richemont Holdings I, and Richemont International, Ltd. (collectively, "Defendants"), alleging, among other things, that Defendants infringed RFMAS's copyright in certain pieces of its "Stella" jewelry line.

On August 11, 2008, RFMAS filed a motion for summary judgment against Mimi So and Mimi So International, Inc. (the "So Defendants"), alleging that pieces in the So Defendants' "Gate B-9" jewelry line directly infringe RFMAS's copyright in certain Stella jewelry designs. In addition, RFMAS asks the Court to rule as a matter of law that RFMAS's copyright in these jewelry items is valid, and that the So Defendants accessed the jewelry. On the same date, RFMAS filed a

-1-

separate motion for summary judgment[1] against Richemont SA, Compagnie Financière Richemont SA, Richemont North America, Richemont Holdings I, and Richemont International, Ltd. (the "Richemont Defendants"), alleging that the Richemont Defendants contributorily and vicariously infringed RFMAS's copyright in the design of the same "Stella" jewelry items, and again asks the Court to rule as a matter of law that its copyright in the jewelry is valid, and that the Richemont Defendants accessed the jewelry. Both of RFMAS's motions for summary judgment discuss at length the alleged spoliation of evidence committed by the Defendants. RFMAS asks the Court to grant summary judgment in RFMAS's favor or to strike Defendants' answers to the complaint as a sanction for the alleged spoliation.

Also on August 11, 2008, the So Defendants and the Richemont Defendants each filed a motion for summary judgment against RFMAS. The So Defendants assert that: (1) RFMAS's copyright registration is not valid and that RFMAS is not entitled to any presumption of validity based on the registration; (2) RFMAS's copyright infringement claim fails for lack of substantial similarity; and (3) as a matter of

---

[1] Although RFMAS's only docketed Notice of Motion (Docket No. 97) states that it is moving for summary judgment against "the Mimi So Defendants," RFMAS filed two separate memoranda of law, one against the So Defendants and one against the Richemont Defendants, each purporting to be in support of motions for summary judgment against those particular defendants.

law, RFMAS's trade dress and unfair competition claims must fail. The Richemont Defendants ask the Court to rule that: (1) they did not directly, contributorily, or vicariously infringe on RFMAS's works; and (2) they are not liable for trade dress infringement, misappropriation of trade secret information, breach of contract, or unjust enrichment.

A.   SPOLIATION

The spoliation issues raised by RFMAS in its motions for summary judgment are not appropriate matters to be resolved by the Court at this time. The Court has consistently referred the spoliation issues to Magistrate Judge Michael H. Dolinger. Judge Dolinger has entertained correspondence from the parties, held many conferences, and issued several rulings on these issues. In fact, since the filing of the parties' summary judgment motions, Judge Dolinger has addressed the spoliation accusations with the parties and additional discovery has been produced. Thus, it is not entirely clear to what extent the spoliation issues raised in RFMAS's summary judgment motions have been resolved since their filing. Since the matter was referred to him, Judge Dolinger has attempted to work with the parties to address the gaps RFMAS has alleged exist in Defendants' discovery, but he has not made a finding that spoliation occurred. To the extent that RFMAS was dissatisfied with Defendants' compliance with Judge Dolinger's

rulings, or with the rulings themselves, RFMAS should have raised these issues with Judge Dolinger as each of them arose over the past year and a half since the matter was referred, or appealed Judge Dolinger's rulings as each was made. It is not appropriate for RFMAS to raise these issues with the Court at this stage, in their summary judgment motions, without a finding as to spoliation from Judge Dolinger.[2]

B. PRIMA FACIE PRESUMPTION OF REGISTRATION VALIDITY

RFMAS filed Copyright Registration VA 1-260-162 (the "Registration") on April 28, 2004. On June 26, 2008, RFMAS filed Supplementary Copyright Registration VA 1-429-069, in which it amended the following information from that provided in the Registration: (1) it changed the response to "Name of Author" (Section 2a) from "R.F.M.A.S., Inc. D/B/A Faraone Mannella" to "Amedeo Scognamiglio and Roberto Faraone Mennela"; (2) it changed the response to "Was this contribution to the work a 'work made for hire'?" (Section 2a) from "yes" to "no"; (3) it changed the response to "Author's Nationality or Domicile" (Section 2a) from "USA" to "Italy"; (4) it changed the response to "Year in Which Creation of This Work Was Completed" (Section 3a) from 2002 to 2001; (5) it

---

[2] The Court notes, without making a ruling as to spoliation, that the cases RFMAS cites for the assertion that summary judgment, dismissal, default judgment and striking of pleadings are appropriate sanctions for spoliation all involve egregious instances of spoliation or attorney misconduct. The Court is not convinced, at this stage, that the allegations of spoliation here, even if true, rise to this level.

changed the response to "Nation of Publication of This Particular Work" (Section 3b) from providing no response to "Italy"; (6) it changed the "Date of First Publication of This Particular Work" (Section 3b) from "May 1, 2002" to "October 1, 2001," and later amended the date again to "May 1, 2001"; and (7) it changed its response to "Transfer" (Section 4) from providing no response to "Transfer is By Assignment." As a matter of law, the Registration is not entitled to a prima facie presumption of validity as to any of these modified submissions. See NBC Subsidiary (KCNC-TV), Inc. v. Broadcast Info. Servs., 717 F. Supp. 1449, 1451 (D. Colo. 2003) (finding the prima facie presumption usually afforded copyright registrations to be "neutralized" by conflicting facts provided in a supplementary registration). The Court therefore grants the So Defendants' motion for summary judgment that RFMAS cannot avail itself of the prima facie presumption of the Registration's validity that it would ordinarily be afforded by 17 U.S.C. § 410(c). For the same reason, RFMAS's motions for summary judgment on this issue are denied.

C. THE RICHEMONT DEFENDANTS' DIRECT INFRINGEMENT

The Richemont Defendants move for summary judgment against RFMAS on direct infringement, claiming that RFMAS has put forth no evidence of the Richemont Defendants' direct

infringement. The allegations in the complaint that would give rise to the Richemont Defendants' direct liability have not only failed to be substantiated, but have been contradicted by the evidence. While RFMAS has elaborated on its theory regarding the Richemont Defendants' direct infringement in its opposition to the summary judgment motion, these assertions do not give rise to direct liability as they either relate to Richemont Japan, who is not a named defendant, or to the So Defendants. The doctrine of direct infringement should not be used in "circumstances in which it is just to hold one individual accountable for the actions of another." Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121, 133 (2d Cir. 2008).

As to all remaining issues, after consideration of the papers submitted by the parties, the Court finds that there are genuine issues of material fact sufficient to warrant the denial of the parties' motions for summary judgment. See Vacold LLC v. Cerami, 545 F.3d 114, 121 (2d Cir. 2008) ("Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.").

The findings, reasoning, and conclusions for the Court's ruling will be set forth in a subsequent decision and order. Accordingly, it is hereby

**ORDERED** that the motion (Docket No. 97) of R.F.M.A.S., Inc. ("RFMAS") for summary judgment as to the So Defendants is DENIED in its entirety; it is further

**ORDERED** that the motion (Docket No. 97) of RFMAS for summary judgment as to the Richemont Defendants is DENIED in its entirety; it is further

**ORDERED** that the motion (Docket No. 89) of Richemont SA, Compagnie Financière Richemont SA, Richemont North America, Richemont Holdings I, and Richemont International, Ltd. for summary judgment is DENIED in its entirety; and it is further

**ORDERED** that the motion (Docket No. 87) of Mimi So and Mimi So International, Inc. for summary judgment is DENIED in part and GRANTED in part.

**SO ORDERED.**

Dated: New York, New York
       30 March 2009

                                        VICTOR MARRERO
                                           U.S.D.J.