UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.F.M.A.S., INC. | ' |
| Plaintiff, | ' |
| | ' |
| | ' CASE NO.: 06-CV-13114 (VM) |
| v. | ' |
| | ' |
| MIMI SO AND MIMI SO INTERNATIONAL, | ' |
| INC., and RICHEMONT SA and RICHEMONT | ' |
| NORTH AMERICA and RICHEMONT | ' |
| HOLDINGS 1 and RICHEMONT | ' |
| INTERNATIONAL, LTD., | ' |
| | ' JURY TRIAL DEMANDED |
| Defendants, | § |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF RFMAS, INC.'S MOTIONS *IN LIMINE***

Plaintiff RFMAS, Inc. moves to exclude from trial certain inadmissible evidence, testimony, and related argument of counsel that Defendants herein intend to offer at trial, based on statements of factual contentions in the Pretrial Order, their Initial Disclosures, and their expert reports. This evidence, testimony, and related argument are inadmissible under Rules 402, 403, 408, 501, and 609 of the Federal Rules of Evidence and controlling precedent, as set forth below. For these reasons, Plaintiff respectfully moves this Court for an order instructing and directing all attorneys for the Defendants and, through said attorneys, all Defendants and witnesses for said Defendants, to refrain from making any mention or interrogation, directly or indirectly, in the presence of the jury panel or the jury ultimately selected to try this case, or to make any statement or to ask any question injecting any of the following matters into the proceedings on the trial of this cause; or in the alternative, to require said attorneys for the Defendants and witnesses to first bring up any of the following matters with the Court out of the presence of the jury or jury panel, so that the Court may determine the admissibility and

relevance of such matters before they are injected into the case in the presence of the jury or jury panel. The matters subject to these Motions are as follows:

## MOTION NO. 1
### Defendants Should be Barred from Introducing Evidence Of Third-Party Jewelry Designs

Defendants seek to introduce evidence without any support that there were similar products and designs in addition to the Mimi So designs. For example, in their expert reports, Defendants' liability experts, Anthony Lent and Carolyn M. Kelly, compare third-party jewelry designs to those of RFMAS at issue herein.[1] In addition, both Mr. Lent and Ms. Kelly attach photos of these other works. Such evidence of third-party design of products similar to the Stella collection of jewelry is irrelevant and inadmissible under Second Circuit law, as it has no bearing on whether Defendants have infringed RFMAS's copyrights. This is particularly true where, as here, there is no evidence that any third-party designs or products influenced the alleged infringer. To the contrary, Mimi So, the designer of the jewelry pieces that Plaintiff alleges infringed on Plaintiff's copyrights, testified at deposition that she sketched her Gate B9 designs while sitting in an airport.[2] She did not testify that her Gate B9 collection designs were influenced by any other jewelry designs.

Any evidence of third-party designs has no bearing on whether "substantial similarity" exists between the Stella pieces and the Gate B9 pieces for copyright infringement purposes and, thus, is irrelevant, unfairly prejudicial, and inadmissible under Rules 402 and 403, particularly where, as here, validity of the copyright is not at issue. Evidence of designs with common elements also utilized in Plaintiff's copyrighted designs, or evidence of common elements alone,

---

[1] Expert Report of Anthony Lent, and attachments thereto, and Expert Report of Carolyn M. Kelly, and attachments thereto, are attached as Exhibits A and B to the Declaration of Steven M. Crosby, submitted in support hereto ("Crosby Decl.").

[2] Transcript of March 6, 2008 deposition of Mimi So, at 157:18, 159:24 (relevant excerpts attached to the Crosby Decl. as Exhibit C)

such as the chain link, has no bearing on whether Defendants' Gate B9 pieces infringed on Plaintiff's copyright. As courts in this circuit have noted, jewelry designs created from combinations of common elements can be protected by copyright in their entirety because it is the very combination of those common elements that is copyrighted. *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2d 506, 516 (S.D.N.Y. 2003); *see also Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2005).

Moreover, the Second Circuit has determined that third-party use is irrelevant to a determination of copyright infringement and has rejected a defense to copyright infringement based upon third party-use. In *Paramount Pictures Corp. v. Carol Publishing Group, supra*, plaintiff owned the copyright in the famous Star Trek television, movie, and book series. Defendants wrote and published a book named The Joy of Trek that explained the Star Trek characters and plot summaries. Defendants introduced evidence of other third-party works "based on" the Star Trek series. The Court clearly stated:

> Extending the doctrine of estoppel so that a defendant may rely on a plaintiff's conduct toward another party is both unsupported by law and pernicious as a matter of policy.... Allowing such a defense would compel courts to examine all the other allegedly infringing works on which defendant's reliance was based in order to ascertain whether these works were in fact infringing, thereby creating a number of smaller infringement hearings within a single copyright action. Moreover, there is no legal duty to instigate legal proceedings... [Plaintiff] is free to instigate legal action against whomever it wishes. For these reasons the Court refuses to recognize a doctrine of estoppel by transitivity.

11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998); *See also Capitol Records, Inc. v. Naxos of Am., Inc.*, 262 F. Supp. 2d 204, 213 (S.D.N.Y. 2003) (citing *Paramount Pictures*, 11 F. Supp. 2d at 337).

For these reasons, Plaintiff requests that all such third-party evidence that Defendants may rely on at trial be excluded and that the Court issue an Order barring Defendants from (i) presenting any evidence, including the portions of the Expert Reports of Anthony Lent and Carolyn Kelly, and the photos attached thereto, relating to third-party jewelry designs, (ii)

examining any witnesses, either by direct or cross-examination, on the issue of third-party design, or (iii) raising any arguments concerning allegedly similar designs or trade dress of a non-party.

## MOTION NO. 2
### Defendants Should be Barred From Introducing Evidence of Mimi So's After-the-Fact Manufactured Exemplars

In Magistrate Judge Dolinger's August 11, 2010 Memorandum and Order, the Court concluded that "on several occasions, the Mimi So defendants rid themselves of the sole exemplars of the large link necklaces and bracelets in their possession," and that they were "guilty of spoliation."[3] As part of this Order, the Court also found that "at a minimum, the Mimi So defendants were grossly negligent . . . in representing the true facts in complete and candid terms to plaintiff and to the court" as to defendants' possession of the exemplars.[4] In their Motion for Reconsideration of that Order, Defendants argued that they offered to manufacture and, according to Defendants, did manufacture exemplars of the pieces that Plaintiff alleges infringe on its copyrights.[5] Denying Defendants' Motion, the Court noted that Plaintiff "was free to agree to use such after-the-fact manufactured exemplars or not, as it chose," but that "the Mimi So defendants could not evade responsibility for their spoliation by the late production of such items absent plaintiff's consent."[6] As Plaintiff chose not to agree to use such exemplars, evidence of Defendants' offer to manufacture or after-the-fact manufacture of exemplars in should be barred under Rules 402 and 403.

Based on the Court's ruling, Plaintiff moves to exclude testimony or evidence relating to Defendants' offer to manufacture exemplars, including any testimony or evidence relating to the Defendants' actual manufacturing of an exemplar. Such evidence is inadmissible under Rule

---

[3] August 11, 2010 Memorandum and Order (Docket # 207), at 48, 70.
[4] Id. at 66.
[55] October 5, 2010 Memorandum and Order (Docket #232), at 3-4.
[6] Id.

402 of the Federal Rules of Evidence because it has no relevance. Whether or not Defendants manufactured or offered to manufacture exemplars of the key jewelry pieces that Plaintiff claims infringe on its copyright is not relevant to the issue of whether Defendants infringed Plaintiff's copyright. This evidence is also inadmissible under Rule 403 of the Federal Rules of Evidence, which provides for exclusion of evidence that has a danger of unfair prejudice, confusion of the issues, or misleading the jury, or would result in undue delay or waste of time. All of the grounds apply here: evidence that Defendants manufactured or offered to manufacture exemplar pieces would result in unfair prejudice, would confuse the issues in this case, and would mislead the jury, as well as waste time and result in undue delay. For these reasons, Plaintiff requests that this Court enter an Order precluding Defendants from (i) presenting any evidence relating to Defendants' after-the-fact manufacture or offer to manufacture exemplars of the key large link jewelry pieces at issue in this action, (ii) examining any witnesses, either by direct or cross-examination, on this issue, or (iii) raising any arguments concerning this issue.

## MOTION NO. 3
### The Testimony and Expert Reports of Michelle Riley and Steven Schwartz Should be Barred

Defendants have designated two damages experts: Michelle Riley and Steven Schwartz. In their expert reports, both Ms. Riley and Mr. Schwartz stated that they were retained to analyze and critique or respond to the expert reports of Don E. Smith and Steven L. Hansen, Plaintiff's designated damages experts.[7] By Order dated October 12, 2010, the Court adopted the August 30, 2010 Report and Recommendations of Magistrate Judge Dolinger, and held that Plaintiff's damages experts, Don Smith and Steve Hansen are precluded from testifying at trial as to whether Defendants' actions damaged Plaintiff and, if so, to what extent. Because the Court's

---

[7] Copies of the expert reports of Michelle Riley and Steven Schwartz are attached as Exhibits D and E to the Crosby Decl.

Order precludes Mr. Smith and Mr. Hansen from testifying regarding Plaintiff's the amount of Plaintiff's damages, and precludes Plaintiff from relying on the reports of Mr. Smith and Mr. Hansen, with limited exception as to Mr. Hansen's report, the expert reports of Ms. Riley and Mr. Schwartz are inadmissible to the extent they seek to rebut the expert reports of Mr. Smith or Mr. Hansen regarding the existence and/or amount of Plaintiff's damages, as this evidence is not probative of any issue in this case, and would only result in confusion of the issues, misleading of the jury, undue delay, and waste of time. *See MapInfo Corp. v. Spatial Re-Eng. Consultants*, 2006 U.S. Dist. LEXIS 70408, #18-19 (N.D.N.Y. 2006)(granting motion to preclude testimony of expert as irrelevant where expert's proffered purpose was to respond to testimony of opposing party's expert who was previously excluded). Thus, this evidence and testimony of Ms. Riley and Mr. Schwartz is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence. Plaintiff requests an Order barring Defendants from (i) presenting any evidence, including the portions of the Expert Reports of Michelle Riley and Steven Schwartz, rebutting the expert reports of Steve Hansen or Don Smith, or (ii) offering the testimony of Ms. Riley or Mr. Schwartz for purposes of rebutting the contents of the reports of Mr. Hansen or Mr. Smith.

### MOTION NO. 4
### Motion to Exclude Evidence of
### Purported Distinguishing Features of Copyrighted
### And Infringing Jewelry Designs

Plaintiff moves that Defendants be precluded from introducing evidence of any purported distinguishing features between the Plaintiff's Stella designs and the infringing pieces. Such evidence includes any difference in the weight of the pieces and the manner in which such pieces are manufactured. Evidence of any such features is not relevant to Plaintiff's claims. Specifically, in determining whether a copyright infringement plaintiff has established infringement, courts analyze whether there exists substantial similarity between the defendants'

work and the protectable elements of the plaintiff's work. *Laureyssens v. Idea Group Inc.*, 964 F.2d 131, 141 (2d Cir. 1992); *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F.Supp.2d 506 (S.D.N.Y. 2003). Here, the appropriate test centers on whether the "ordinary observer" would be disposed to regard the designs' aesthetic appeal as the same and overlook distinguishing features. *Laureyssens*, 964 F.2d at 141; *Yurman Design*, 275 F. Supp.2d at 516. The key to the ordinary observer test is similarities, not differences. *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 913 (2d Cir. 1980). Differences not readily apparent to the average observer do not neutralize a defendant's infringement where, as here, the "differences pale in comparison to the overwhelming impression of similarity" to the average observer. *See Knitwaves, Inc. v. Lollytogs Ltd*, 71 F.3d 996, 1002, 1004-05 (2d Cir. 1995)(finding of substantial similarity not precluded where differences in detail "do little to lessen a viewer's overwhelming impression" that the defendants' products are appropriations).

Thus, any evidence of purported distinguishing features of the designs not readily apparent to the "ordinary observer" is inadmissible under Rules 402 and 403, as it is not relevant to Plaintiff's claim of copyright infringement, but would result in unfair prejudice, undue delay, and confusion of the issues. Plaintiff requests an Order barring Defendants from presenting any evidence of features and/or characteristics that purport to distinguish design and/or manufacture of the infringing pieces from the design and/or manufacture of Plaintiff's Stella collection.

### MOTION NO. 5
### Defendants Should be Barred From Introducing Evidence That They Did Not Include in Their Initial Disclosures or Pretrial Order

Plaintiff moves that Defendants be precluded from introducing any evidence that they did not include in their Initial Disclosures and/or in their Pretrial Order, one of the key purposes of which is to avoid unfair surprise to opposing parties. Introduction of such evidence would be unfairly prejudicial and, thus, inadmissible under Rule 403 of the Federal Rules of Evidence, as

Plaintiff would not have been given a fair and adequate opportunity to prepare to respond to such evidence. For this reason, Plaintiff requests the Court enter an Order barring Defendants from (i) presenting any evidence that Defendants did not disclose in their Initial Disclosures and/or Pretrial Order, (ii) offering the testimony of or other evidence from any witness not designated by Defendants as a person with knowledge of relevant facts disclosed both in response to discovery requests and in the Defendants' Initial Disclosures and/or Pretrial Order, and (iii) offering the testimony or any reference to any testimony from any expert witness tendered as an expert but not previously designated as an expert by Defendants in their Initial Disclosures, Pretrial Order, or the Court's Orders or Local Rules.

## MOTION NO. 6
### Defendants Should be Barred From Mentioning
### That Plaintiff's Trial Counsel Reside in Texas

Plaintiff moves that Defendants' counsel be instructed not to mention to the jury by argument or otherwise that any of Plaintiff's counsel resides or has offices in Texas. Any such mention would result in unfair prejudice to Plaintiff and, thus, is precluded by Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 7
### Defendants Should be Barred from
### Any Reference to Plaintiff's Motions *in Limine*

Plaintiff moves that Defendants' counsel be instructed not to suggest to the jury by argument or otherwise that Plaintiff has sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties to this suit. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 8
### Defendants Should be Barred from Any Reference to
### Anticipated Testimony of Any Absent or Unavailable Witness
### Or Any Witness Who is Not Called to Testify

Plaintiff moves that Defendants' counsel be instructed not to reference the anticipated testimony of any witness who is absent, unavailable, or otherwise not called to testify at the trial of this cause. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 9
### Defendants Should be Barred from Questioning Plaintiff's Counsel or
### Making Demands or Requests Before the Jury for Matters in Plaintiff's File

Plaintiff moves that Defendants' counsel be instructed to refrain from asking any questions of Plaintiffs' counsel or making any demands or requests before the jury for matters found or contained in Plaintiff's or Plaintiff's principals' files, which would include statements, pleadings, records, or other documents. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 10
### Defendants Should be Barred from Referencing or Introducing
### Information Not Timely Provided in Response to Plaintiff's Discovery Requests

Plaintiff moves that Defendants' counsel be instructed to refrain from referencing or introducing information requested in Plaintiff's Interrogatories and/or Requests for Production which Defendants failed to respond to or timely amend or produce. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 11
### Defendants Should be Barred from Questioning Plaintiff or Plaintiff's Employees Or Representatives Regarding Privileged Communications with Counsel

Plaintiff moves that Defendants' counsel refrain from, in any manner, questioning Plaintiff or Plaintiff's employees or representatives regarding, or otherwise alluding to, any communications or other matters that have been transacted between Plaintiff and its attorneys since the same are privileged as a matter of law.  Fed. R. Evid. 501

## MOTION NO. 12
### Defendants Should be Barred from Referencing Plaintiff's Objections to Defendants' Discovery Requests

Plaintiff moves that Defendants' counsel refrain from referencing that Plaintiff or Plaintiff's counsel has objected to certain questions in Defendants' Interrogatories, Requests for Production, or other attempts at discovery, for the reason that Defendants, pursuant to the Federal Rules of Civil Procedures, could have compelled answers to any of Defendants' attempts at discovery that may have been improperly objected to by Plaintiff; and it is well established that counsel may not argue facts to the jury that have been excluded from evidence, either directly or indirectly, by suggesting that the facts could have been proved but for the objections of the opposing party; and thus any comment or allusion regarding Plaintiff's objections or the attempts at discovery to which they relate would be improper. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 13
### Defendants Should be Barred from Referencing any Arrest, Indictment, Trial or Conviction of a Crime of any of Plaintiff's Witnesses

Plaintiff moves that the Defendants' counsel refrain from any suggestion, comment or evidence that any witness called by Plaintiff has been arrested, indicted, tried or convicted of a crime unless the Court first determines that adequate notice of intent to use such evidence has been given,  Fed. R. Civ.

Evid. 609(b), and that the crime was a felony or misdemeanor involving dishonesty or false statement, with the conviction or incarceration occurring within the last 10 years. Fed. R. Civ. Evid. 609.

## MOTION NO. 14
### Defendants Should be Barred from Commenting on Plaintiff's or its Counsel's Failure to Call Any Witness Equally Accessible to Defendants

Plaintiff moves to preclude Defendants' counsel from commenting on the failure of Plaintiff or Plaintiff's counsel to call any witness not present at trial, which witness was equally accessible to process by Defendants. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 15
### Defendants Should be Barred From Referencing Evidence Not Previously Made Available to Plaintiff's Counsel for Examination

Plaintiff moves to preclude Defendants from making any mention made in any form concerning any documents, summaries of writings, recordings, or photographs which have not previously been made available to the Plaintiff's attorneys for examination or copying in connection with the case, prior to the trial of this case. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 16
### Defendants Should be Barred from Referencing Any Settlement Offer Made by Plaintiff in This or Previous Cases

Plaintiff moves to preclude Defendants from making any reference to settlement offers made by Plaintiff in this or previous cases. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 17
### Defendants Should be Barred from Referencing Any
### Unrelated Claims Made by Plaintiff

Plaintiff moves to preclude Defendants from making any reference to any unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof, made or filed by Plaintiff. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## MOTION NO. 18
### Defendants Should be Barred from Referencing Any Fee
### Arrangement or Agreement Between Plaintiff and Plaintiff's Counsel

Plaintiff moves to preclude Defendants from referencing the remunerative basis on which Plaintiff has retained its attorneys or any mention that Plaintiff's attorneys are representing Plaintiff on a contingent fee basis. Such information is irrelevant since Plaintiff is entitled to reasonable and necessary attorneys' fees on an hourly basis pursuant to statute, and is inadmissible under Rules 402 and 403.

## MOTION NO. 19
### Defendants Should be Barred from Referencing
### Any Party's or Witness' Use of Alcohol, Tobacco, or Controlled Substance

Plaintiff moves to preclude Defendants from referencing that any party or witness uses or abuses alcohol, tobacco, or any controlled substance, unless or until it is shown that such use is directly relevant to the matters in controversy. Such evidence is inadmissible under Rules 402 and 403 of the Federal Rules of Evidence, as it is irrelevant to the issues in this action and would result in unfair prejudice to Plaintiff.

## CONCLUSION

For the reasons discussed herein, Plaintiff respectfully requests that the Court grant Plaintiff's Motions *in Limine* and enter an order precluding Defendants from offering evidence or argument on each and every of the grounds requested by Plaintiff.

Dated: New York, New York  
       March 8, 2011

FELDMAN LAW GROUP, P.C.

By: /s Steven M. Crosby, Esq.  
Steven M. Crosby (SC1204)  
220 East 42nd Street – Suite 3304  
New York, New York 10017  
Tel.: (212) 532-8585  
Fax: (212) 532-8598

KILGORE & KILGORE, PPLC

/s Theodore C. Anderson  
Theodore C. Anderson (TA4769)  
3109 Carlisle Street  
Dallas, Texas 75204  
Tel.: (214) 969-9099  
Fax: (214) 214-953-0133

ATTORNEYS FOR PLAINTIFF  
RFMAS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of New York, using the electronic case filing system of the court. The electronic case filing system should automatically send a "Notice of Electronic Filing" to the following listed attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Such attorney(s) may also be served via any additional means listed below.

Steven M. Crosby

Martin J. Elgison
Alston & Bird LLP
One Atlantic Center, 1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7167
(404) 253-8179 (fax)
martin.elgison@alston.com

Deepro R. Mukerjee
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016
(212)-210-9400
(212)-210-9444 (fax)
deepro.mukerjee@alston.com

Victoria Elizabeth Spataro
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016
(212)-210-9465
(212)-922-3865 (fax)
vickie.ford@alston.com