UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

R.F.M.A.S., INC.

                    Plaintiff,

      v.

MIMI SO, MIMI SO INTERNATIONAL, INC.,
RICHEMONT S.A., COMPAGNIE
FINANCIERE RICHEMONT S.A.,
RICHEMONT NORTHAMERICA,
RICHEMONT HOLDINGS I, and
RICHEMONT INTERNATIONAL, LTD.

                    Defendants.

ECF CASE

Case No. 06-CV-13114 (VM)(MHD)

### THE MIMI SO DEFENDANTS' OPPOSITION
### TO PLAINTIFF'S MOTIONS *IN LIMINE*

Deepro R. Mukerjee
Victoria E. Spataro
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel.: (212) 210-9400
Fax: (212) 210-9444
Deepro.Mukerjee@alston.com
Victoria.Spataro@alston.com

Martin J. Elgison
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3449
Tel: 404-881-7000
Fax: 404-881-7777
Marty.Elgison@alston.com

*Attorneys for Defendants Mimi So and
Mimi So International, LLC*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................. 1

I.      APPLICABLE LAW ............................................................. 1

III.    PLAINTIFF'S *IN LIMINE* MOTIONS SHOULD BE DENIED ..................... 1

    A.    Opposition to Plainitff's *In Limine* Motion No. 1 .......................... 1

    B.    Opposition to Plaintiff's *In Limine* Motion No. 2 .......................... 4

    C.    Opposition to Plaintiff's *In Limine* Motion No. 3 .......................... 7

    D.    Opposition to Plaintiff's *In Limine* Motion No. 4 .......................... 8

    E.    Opposition to Plaintiff's *In Limine* Motion No. 5 .......................... 10

    F.    Opposition to Plaintiff's *In Limine* Motion No. 6 .......................... 10

    G.    Opposition to Plaintiff's *In Limine* Motion No. 7 .......................... 11

    H.    Opposition to Plaintiff's *In Limine* Motion No. 8 .......................... 11

    I.    Opposition to Plaintiff's *In Limine* Motion No. 9 .......................... 12

    J.    Opposition to Plaintiff's *In Limine* Motion No. 10 .......................... 12

    K.    Opposition to Plaintiff's *In Limine* Motion No. 11 .......................... 14

    L.    Opposition to Plaintiff's *In Limine* Motion No. 12 .......................... 15

    M.    Opposition to Plaintiff's *In Limine* Motion No. 13 .......................... 15

    N.    Opposition to Plaintiff's *In Limine* Motion No. 14 .......................... 16

    O.    Opposition to Plaintiff's *In Limine* Motion No. 15 .......................... 16

    P.    Opposition to Plaintiff's *In Limine* Motion No. 16 .......................... 16

    Q.    Opposition to Plaintiff's *In Limine* Motion No. 17 .......................... 17

    R.    Opposition to Plaintiff's *In Limine* Motion No. 18 .......................... 17

    S.    Opposition to Plaintiff's *In Limine* Motion No. 19 .......................... 17

IV.    CONCLUSION ................................................................. 18

## <u>Table of Authorities</u>

**Page(s)**

FEDERAL CASES

*Attia v. Society of the New York Hosp.*,
201 F.3d 50 (2d Cir. 1999)..................................................................................................9

*Baxter Diagnostics, Inc. v. Novatek Medical, Inc.,*
No. 94 Civ. 5520, 1998 WL 665138, (S.D.N.Y. Sept. 25, 1998).............................................1

*Durham Indus., Inc. v. Tomy Corp.*,
630 F.2d 905 (2d Cir. 1980)................................................................................................9

*Eden Toys, Inc. v. Marshall Field & Co.*,
675 F.2d 498 (2d Cir. 1982)................................................................................................8

*EMI Music Marketing v. Avatar Records, Inc.*,
334 F. Supp. 2d 442 (S.D.N.Y. 2004)..................................................................................6

*Great Importations, Inc. v. Caffco Intern., Inc.*,
No. 95 CIV. 0514 MBM SEG, 1997 WL 414111 (S.D.N.Y. July 24, 1997)...........................3

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co., Inc.*,
509 F.2d 64 (2d Cir. 1974).................................................................................................4

*In re GII Industries, Inc.*,
2010 WL 2044635 (E.D.N.Y. 2010)...................................................................................17

*Johnson v. Gordon*,
409 F.3d 12 (1st Cir. 2005)................................................................................................3

*Llerando-Phipps v. City of New York*,
390 F. Supp. 2d 372 (S.D.N.Y. 2005)................................................................................13

*Luce v. United States,*
469 U.S. 38 (1984)...............................................................................................................1

*MapInfo Corp. v. Spatial Re-Engineering Consultants*,
2006 WL 2811816 (N.D.N.Y. Sept. 28, 2006) ....................................................................8

*Mazer v. Stein*,
347 U.S. 201 (1954)............................................................................................................3

*Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group,*
937 F. Supp. 276 (S.D.N.Y. 1996) .....................................................................................1

*Palmieri v. Defaria*,
88 F.3d 136 (2d Cir. 1996).................................................................................................1

*Paramount Pictures Corp. v. Carol Publishing Group,*
    11 F. Supp. 2d 329 (S.D.N.Y. 1998).........................................................2

*Rattigan v. Commodore Intern. Ltd.,*
    No. 87 CIV. 2729 (MBM), 1989 WL 151678 (S.D.N.Y. Dec. 8, 1989) ................................13

*Rogers v. Koons,*
    960 F.2d 301 (2d Cir. 1992)...............................................................3

*Towle Mfg. Co. v. Godinger Silver Art Co., Ltd.,*
    612 F. Supp. 986 (S.D.N.Y. 1985) ........................................................4

*Viada v. Osaka Health Spa, Inc.,*
    No. 04 Civ. 2744 VMKNF, 2005 WL 3435111 (S.D.N.Y. Dec. 12, 2005) ....................14, 17

*Yurman Design, Inc. v. PAJ, Inc.,*
    262 F. 3d 101 (2d Cir. 2001)..............................................................2

*Yurman Studio, Inc. v. Castaneda,*
    591 F. Supp. 2d 471 (S.D.N.Y. 2008).......................................................3

## FEDERAL STATUTES

17 U.S.C. § 102(b) .........................................................................3

17 U.S.C. § 504(a) .........................................................................7

## RULES

Fed. R. Evid. 803, 804 ....................................................................12

Federal Rule of Civil Procedure 32 ........................................................11

I.      **INTRODUCTION**

Defendants Mimi So ("Ms. So") and Mimi So International, LLC ("MSI") (collectively, "Defendants" or "the Mimi So Defendants") herein oppose certain of Plaintiff's nineteen *in limine* motions.  The Mimi So Defendants respectfully request that the Court deny Plaintiff's Motions Nos. 1, 2, 3, 4, 6, 7, 8, 10, 11, 17 and 18 for the specific reasons discussed below.

II.     **APPLICABLE LAW**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (noting that, although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 283 (S.D.N.Y. 1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Medical, Inc.,* No. 94 Civ. 5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998) (denying a motion *in limine* to preclude presentation of evidence regarding a potential punitive damages claim because the motion was too sweeping in scope to be considered prior to trial).

III.    **PLAINTIFF'S *IN LIMINE* MOTIONS SHOULD BE DENIED**

A.      **Opposition to Plainitff's *In Limine* Motion No. 1**

Plaintiff has asked the Court to preclude Defendants from offering evidence of third party jewelry designs.   Plaintiff contends that third party jewelry designs "is irrelevant and inadmissible under Second Circuit law, as it has no bearing on whether Defendants have infringed RFMAS's copyrights [sic]."  (Memorandum of Law in Support of Plaintiff RFMAS,

Inc.'s Motion *In Limine* ("Pl. Mem.") at 2.)  Not only has Plaintiff misstated Second Circuit law regarding the relevance of third party works when evaluating copyright infringement, but Plaintiff has further ignored the clear relevance of this information to the invalidity of Plaintiff's purported copyright.

Plaintiff relies on *Paramount Pictures Corp. v. Carol Publishing Group,* 11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998) for the alleged premise that the "Second Circuit has determined that third-party use is irrelevant to a determination of copyright infringement and has rejected a defense to copyright infringement based upon third party-use."  (Pl. Mem. at 3.)  But *Paramount Pictures* does not support Plaintiff's wide-sweeping and incorrect characterization of Second Circuit law.   In *Paramount Pictures,* the defendant argued that the plaintiff's failure to commence litigation against other potentially infringing works estopped plaintiff from bringing the litigation at hand.  *See id*. at 337.   And for that purpose, the Court did not permit the defendant to rely on the plaintiff's conduct toward another party and other works.  *See id.*  Here, Defendants do not seek to use third party works and plaintiff's response to such works to argue RFMAS is estopped from asserting its alleged copyright.

Rather, Defendants seek to introduce third party designs to assist the jury in its infringement determination, which is explicitly permitted by this District.  According to the ordinary observer test (the test adopted by the Court (D.E. 160 at 44)), Plaintiff will have to demonstrate that, after excluding from consideration unprotectable elements (such as commonplace or public domain designs), the "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F. 3d 101, 111 (2d Cir. 2001) (internal citation omitted). The only protection that can be afforded to Plaintiff's asserted pieces is the "extremely 'thin'"

copyright in "selection and arrangement of common elements in the public domain."  D.E. 160 at 46 (citing *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471 (S.D.N.Y. 2008)).   The introduction of third party designs of chains similar to Plaintiff's works is appropriate and necessary to enable the fact finder to assess which elements/arrangements are common and which elements/arrangements, if any, are protectable.  *See, e.g., Great Importations, Inc. v. Caffco Intern., Inc.*, No. 95 CIV. 0514 MBM SEG, 1997 WL 414111, at *5 (S.D.N.Y. July 24, 1997) (noting that defendant put forward catalogs and advertisements of other companies to show depictions similar to image at issue).   Accordingly, in assessing substantial similarity between Plaintiff's work and the accused works, third party designs are highly relevant.

Furthermore, Defendants intend to offer evidence of third party jewelry designs to show that Plaintiff's works are not subject to copyright protection in the first place.  Plaintiff does not dispute, because it cannot, that third party designs are appropriate for this purpose.  Instead, Plaintiff ignores Defendants' challenges to the validity of the subject copyright and incorrectly states the "validity of the copyright is not at issue."  (Pl. Mem. at 2.)

The validity of Plaintiff's copyright is at the heart of this case and third party designs are directly relevant to this defense.  Copyright protection extends only to the author's original expression, not to the ideas, aesthetics, or themes contained in the asserted work.  *Mazer v. Stein*, 347 U.S. 201, 217 (1954); 17 U.S.C. § 102(b).  Copyright protection also does not extend to commonplace designs, such as simple, linked chains, or to designs in the public domain. *See Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992) ("[T]hat a whole work is copyrighted does not mean that every element of it is copyrighted; copyright protection extends only to those components of the work that are original to the creator.") (citation omitted); *Johnson v. Gordon*, 409 F.3d 12, 19 (1st Cir. 2005) ("Virtually by definition, expressions that are common are also

unoriginal."); Compendium of Copyright Office Practices (Compendium II) (1984) § 503.02(a) ("[A] registration cannot be based upon the simplicity of standard ornamentation [or on] common geometric figures or shapes such as the hexagon or the ellipse . . . ."); *see also Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co., Inc.*, 509 F.2d 64, 65 (2d Cir. 1974) ("Since all turtles are created more or less along the same lines, appellant cannot, by obtaining a copyright upon one design of a turtle pin, exclude all others from manufacturing gold turtle pins on the ground that they are substantially similar in appearance.").  For the fact finder to understand what elements/arrangements of Plaintiff's works, if any, are copyrightable, third party designs of chains must be introduced into evidence.  *See, e.g., Towle Mfg. Co. v. Godinger Silver Art Co., Ltd.*, 612 F. Supp. 986, 991-92 (S.D.N.Y. 1985) (finding no copyright protection based on defendant's evidence of similar designs utilized by numerous glassware manufacturers showing common usage).

Because third party designs are clearly relevant to Defendants' defenses of copyright invalidity and lack of substantial similarity, Plaintiff's motion must be denied.

### B.      Opposition to Plaintiff's *In Limine* Motion No. 2

Plaintiff seeks to bar Defendants from offering testimony or evidence relating to: (a) Defendants' offer to manufacture certain large link exemplars after the close of fact discovery, (b) the actual manufacturing of such exemplars, and (c) apparently the exemplars themselves.  Plaintiff's arguments of irrelevance and prejudice of such evidence lack merit as Plaintiff has erroneously conflated issues relating to infringement and spoliation.

Plaintiff contends that whether or not Defendants manufactured or offered to manufacture certain large link exemplars that Plaintiff claims infringe on its copyright "is not relevant to the issue of whether Defendants infringed Plaintiff's copyright."  (Pl. Mem. at 5.)  But Plaintiff

misses the point.  Magistrate Judge Dolinger held that Plaintiff may seek to demonstrate to the trier of fact that Defendants did not retain certain large link exemplars and its impact on Plaintiff's case, if any.  *See* Memorandum & Opinion (D.E. 232) at 2; Memorandum & Opinion (D.E. 207) at 116.  Judge Dolinger expressly provided, however, that "[i]f defendants want to proffer the fact that, long after discovery had closed, they prepared certain pieces of jewelry for plaintiff to inspect and that these pieces of jewelry matched the allegedly infringing ones that defendants had previously sold, they will be free to do so."  (D.E. 232 at 5.)  Plainly, Defendants' manufacture and offer to manufacture certain large link pieces is explicitly allowed under Judge Dolinger's ruling and is highly relevant to the issues to be raised at trial.

Plaintiff's attempt to exclude testimony and evidence relating to Defendants' manufacture and offer to manufacture two exemplars on the basis of prejudice also fails.  (Pl. Mem. at 5.)  Plaintiff states in conclusory fashion that such evidence would "confuse the issues in this case, and would mislead the jury, as well as waste time and result in undue delay."  *See id.* Yet, Plaintiff does not explain the basis for such confusion, nor does it articulate how such evidence could mislead the jury.  Instead, as already noted, to the extent Plaintiff introduces testimony and evidence relevant to spoliation in accordance with the confines of Judge Dolinger's Order (D.E. 207 at 116), Defendants are permitted to respond with evidence relating to its manufacture and offer to manufacture large link pieces.  (D.E. 232 at 5.)  Such evidence is neither confusing nor misleading, but rather directly responsive to the evidence Plaintiff is expected to introduce with respect to alleged spoliation.  Indeed, it is clear that Plaintiff is simply seeking a court-mandated upper hand: it wants to be able to offer evidence of spoliation without giving Defendants the opportunity to adequately respond to the same.  Such an outcome not only

has no basis in the laws of evidence, but would be highly prejudicial and inequitable to Defendants.

Finally, to the extent Plaintiff seeks to preclude Defendants from introducing into evidence the actual large link exemplars manufactured by the Defendants, Plaintiff's actual conduct belies its argument.   Plaintiff asserts that it has chosen not to agree to use these exemplars.  (Pl. Mem. at 4.)  But Plaintiff's counsel inspected and photographed those exemplars on January 14, 2010.  Further, as set forth in the Joint Pretrial Order submitted on March 8, 2011, Plaintiff's Exhibit 325 includes the comparison photos of Plaintiff's works and Defendants' two large link exemplars taken during the January 14, 2010 session.  As such, Plaintiff clearly intends to rely at trial on the two exemplars made by Defendants after the close of discovery.

Neither is Defendants' introduction of the large link exemplars into evidence prejudicial. Throughout this litigation, Defendants have produced numerous images of the Gate B9 collection, including images of the large link pieces.   For example, in December 2007, Defendants provided Plaintiff with full-page, high-quality photographs of the Mimi So jewelry, including the large link necklace.  *See* 1/14/10 Decl. of John Margiotta (D.E. 205), Exhibit D (photograph of large-link necklace Bates stamped RMT000442) and Exhibit E to that declaration (cover letter dated December 3, 2007 reflecting production of documents for several Bates ranges, encompassing document nos. RMT000434-436).  Accordingly, Plaintiff and its experts have known for years what Defendants' large link exemplars look like.  And as already noted, Plaintiff even viewed and photographed the large link exemplars in January 2010.  Introducing these exemplars at trial will not cause Plaintiff any prejudice or surprise.  *See, e.g., EMI Music Marketing v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 445-446 (S.D.N.Y. 2004) (denying motion *in limine* and noting plaintiff was not subject to "trial by ambush" where plaintiff was

6

aware of persons and documents allegedly not produced during discovery).  For these reasons, Plaintiff's motion should be denied.

### C.      Opposition to Plaintiff's *In Limine* Motion No. 3

Plaintiff's attempt to exclude the expert analysis and testimony of Michelle Riley ("Riley") and Steven Schwartz ("Schwartz") is misplaced and inappropriately characterizes the scope of issues to be determined at trial.  Plaintiff blatantly ignores the fact that the Riley report includes opinions beyond her proper critique of Mr. Smith and Mr. Hansen's purported expert reports—critiques agreed to by this Court.  *See* Riley Expert Report, Exhibit D to Declaration of S. Crosby (D.E. 257-17) at ¶¶8, 63-64 and Exhibits 8-8.3 attached thereto.  Furthermore, Plaintiff takes the remarkable position that the portions of the Riley and Schwartz reports rebutting the opinions of Mr. Smith and Mr. Hansen should be excluded because Plaintiff's experts have been precluded from testifying to Plaintiff's damages (D.E. 233, 216)—yet, at the same time, Plaintiff is deceptively silent to the fact that it plans to offer <u>this same excluded subject matter</u> through lay testimony. [1]  For this reason alone, Plaintiff's motion should be denied.

Moreover, as noted above, Plaintiff's motion fails to take into account that the Riley expert report opines on damages issues that are not limited to rebuttal of Plaintiff's excluded experts' opinions.  In fact, the Riley report does an exhaustive calculation of MSI's profits and losses from 2006 to 2009.  *See* Riley Expert Report at ¶¶8, 63-64 and Exhibits 8-8.3 attached thereto.  MSI's profitability is indisputably relevant to what damages, if any, Plaintiff may recover.  Indeed, the Copyright Statute explicitly provides that "an infringer of copyright is liable for either – (1) the copyright owner's actual damages and *any additional profits of the infringer*

---

[1] Defendants have moved *in limine* to exclude any testimony by lay witnesses on these damages issues.  (D.E. 247.)   Should the Court grant Defendants' motion, then Defendants do not intend to call Mr. Schwartz, and Ms. Riley will be called to testify concerning only MSI's profitability.

…; or (2) statutory damages….” 17 U.S.C. § 504(a) (emphasis added). Accordingly, Ms. Riley’s opinions regarding MSI’s profitability cannot be excluded.

Further, to the extent Plaintiff is able to use lay testimony to establish causation and damages—offering the same methodologies, calculations and results as Plaintiff’s excluded experts Mr. Smith and Mr. Hansen—then the rebuttal opinions of Ms. Riley (and Mr. Schwartz—Defendants’ other expert) are highly relevant and should not be excluded. To allow otherwise would be manifestly unfair and, notably, Plaintiff is unable to cite a single case in support of this inequitable result. The reason—because there is none.

Indeed, the sole case cited by Plaintiff in its motion is easily distinguishable from this matter. In *MapInfo Corp. v. Spatial Re-Engineering Consultants*, the court found the testimony of the plaintiff’s rebuttal expert irrelevant given that his report was proffered to respond to the defendant’s expert who was later excluded. *See* 2006 WL 2811816, at *6 (N.D.N.Y. Sept. 28, 2006). For this reason, the court granted the defendant’s motion to exclude the plaintiff’s rebuttal expert. *See id.* But the circumstances in *MapInfo* are strikingly different from the facts at hand. In *MapInfo,* the challenged expert did not opine on topics beyond rebuttal topics, as Ms. Riley has done. Indeed, Ms. Riley gave an independent analysis and formed an expert opinion on MSI’s profits and losses. Furthermore, the defendants in *MapInfo* did not attempt to exclude MapInfo’s expert while offering the same excluded damages testimony through the use of lay witnesses, as Plaintiff seeks to do here. Accordingly, the holding of *MapInfo* has no bearing on the present case. *Id.*

### D.    Opposition to Plaintiff’s *In Limine* Motion No. 4

Evidence of the many and significant distinguishing features between Plaintiff’s jewelry and Defendants’ Gate B9 collection is both admissible and highly relevant at trial. Plaintiff is

wrong in its flawed assertions that the substantial similarity requirement and ordinary observer test do not evaluate the differences between the copyrighted and allegedly infringed work.  *See, e.g.*, *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir. 1982) (affirming summary judgment decision to dismiss claim of copyright infringement, and noting that the snowmen at issue had various differences that prevented a finding of substantial similarity); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 913-14 (2d Cir. 1980) (while the "key to the ordinary observer test is [ ] the similarities rather than the differences…we have also recognized that numerous differences tend to undercut substantial similarity.  As a matter of logic as well as law, the more numerous the differences between two works the less likely it is that they will create the same aesthetic impact ….") (emphasis added); *Attia v. Society of the New York Hosp.*, 201 F.3d 50, 57-58 (2d Cir. 1999) (affirming the district court's dismissal of copyright infringement claim where major differences were readily apparent between the parties' works; "[w]here, as here, a defendant's work is dissimilar in the very respects in which it is claimed to be similar, that can obviously influence the conclusion as to whether the claimed similarity in fact exists or is substantial") (emphasis added).  Simply put, evidence of differences indicates a lack of similarity.

Nevertheless, Plaintiff concludes that the "the differences pale in comparison to the overwhelming impression of similarity to the average observer."  (Pl. Mem. at 7.)  But such a determination is for the trier of fact comparing Plaintiff's pieces with Defendants' pieces.  Further, Plaintiff has no foundation for its proposition that the distinguishing features and characteristics between the parties' jewelry are of the type that would not be readily apparent to the ordinary observer.  (*Id.*)  Unfortunately for Plaintiff, its self-serving statements cannot dictate the relevance of dissimilarities between the works.  Rather, Second Circuit precedent makes

clear that Defendants are permitted to introduce evidence of the various distinguishing characteristics between Plaintiff's jewelry and Defendants' Gate B9 collection.  And Plaintiff is unable to cite a single case which allows for the exclusion of differences.  Plaintiff's motion must be denied.

###### E.      Opposition to Plaintiff's *In Limine* Motion No. 5

Plaintiff seeks an instruction prohibiting Defendants from introducing evidence that Defendants did not include in their initial disclosures or pretrial order.  Defendants do not oppose the substance of Plaintiff's Motion No. 5 provided it is not unilateral.  As such, Defendants respectfully request that this Court similarly prohibit Plaintiff from introducing evidence that Plaintiff did not include in its initial disclosures or pretrial order.

###### F.      Opposition to Plaintiff's *In Limine* Motion No. 6

Plaintiff seeks an instruction prohibiting Defendants from mentioning that Plaintiff's counsel resides or has offices in Texas.  Plaintiff's bald motion, however, does not attempt to establish the alleged harm that would ensue from mentioning counsel's Texan origin.  Indeed, Plaintiff cites no authority in support of its scant motion.  Thus, Plaintiff has failed to carry its burden of establishing the prejudice it seeks to mitigate through its request of this Court. Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion No. 6.

Alternatively, if this Court is inclined to grant Plaintiff's motion, Defendants, again, oppose the unilateral nature of Plaintiff's requested relief.  Assuming *arguendo* that statements regarding counsel's Texan origin are prejudicial, it follows that statements regarding certain of Defendants' counsel's Georgian origin are equally prejudicial.  Thus, to the extent the Court is inclined to grant Plaintiff's motion, Defendants respectfully request that the Court similarly

instruct Plaintiff's counsel not to mention to the jury by argument or otherwise that any of Defendants' counsel resides in (or has offices in) Georgia.

### G.   Opposition to Plaintiff's *In Limine* Motion No. 7

Plaintiff seeks an instruction prohibiting Defendants from mentioning Plaintiff's counsel's motions *in limine*.  Plaintiff's motion is entirely speculative and presupposes that Plaintiff's motions will be irrelevant to the issues at trial.  Plaintiff's motions themselves or issues related thereto may prove to be relevant to an issue at trial.  Indeed, Plaintiff's argument to the contrary necessarily indicates that Plaintiff has squandered judicial resources on its nineteen motions *in limine*.  Because Plaintiff's motion is speculative, Defendants respectfully request that this Court deny Plaintiff's Motion No. 7.

Alternatively, if this Court is inclined to grant Plaintiff's motion, Defendants, again, oppose the unilateral nature of Plaintiff's requested relief.  Defendants respectfully request that, should this Court grant Plaintiff's motion, the Court similarly instruct Plaintiff's counsel not to suggest to the jury by argument or otherwise that Defendants have sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit.

### H.   Opposition to Plaintiff's *In Limine* Motion No. 8

Plaintiff has asked the Court to preclude Defendants' counsel from referencing the anticipated testimony of any witness who is absent, unavailable or otherwise not called to testify at trial on grounds of relevance and prejudice.  (Pl. Mem. at 9.)  Plaintiff's motion is so vague and broad that it is essentially meaningless.  Nevertheless, Defendants will endeavor to respond to the so-called merits of this motion.

To the extent Plaintiff is seeking to prevent Defendants from referencing the testimony of a witness who is not appearing live, but who is appearing by deposition, Plaintiff's motion has no

merit.  Federal Rule of Civil Procedure 32 specifically permits the use of a deposition at trial. Plaintiff's request that Defendants not reference the testimony of a witness appearing by deposition defies the Federal Rules and common trial practice.

Should Plaintiff be attempting to exclude a witnesses' testimony as to what another non-witness has said, Plaintiff's motion is premature.  Defendants are entitled to support the introduction of what may normally be considered hearsay, with any of the applicable exceptions to the hearsay rule.  *See, e.g.,* Fed. R. Evid. 803, 804.

For at least these reasons, Plaintiff's motion should be denied.  While Defendants have used their best efforts to understand the objective of Plaintiff's motion, should Plaintiff add further clarification in its reply brief, Defendants reserve the right to seek the Court's permission to address issues not addressed herein in a sur-reply.

### I.       Opposition to Plainitff's *In Limine* Motion No. 9

Plaintiff seeks an instruction prohibiting Defendants from questioning Plaintiff's counsel or making demands or requests before the jury for matters in Plaintiff's or Plaintiff's principals' files.  Defendants do not oppose the substance of Plaintiff's Motion No. 9, however, Defendants oppose the unilateral nature of Plaintiff's requested relief.  Therefore, Defendants respectfully request that this Court similarly prohibit Plaintiff from questioning Defendants' counsel or making demands or requests before the jury for matters in Defendants' or Defendants' principals' files.

### J.       Opposition to Plaintiff's *In Limine* Motion No. 10

Plaintiff's request to preclude Defendants from referencing or introducing information allegedly not timely produced in response to Plaintiff's discovery requests should be denied. Plaintiff's motion (like several of Plaintiff's *in limine* motions) is so vague and broad, it is

virtually meaningless.  Plaintiff fails to identify a single piece of information that it seeks to exclude, despite Plaintiff having had Defendants' exhibit list, contentions of fact and statements of law before it submitted its motion.  Nevertheless, Defendants will attempt to address the implications of this motion.

As a preliminary matter, Plaintiff has not articulated its definition of "timely."  Plaintiff may consider certain information untimely if it is produced more than thirty (30) days after a discovery request is served but before the close of discovery.  Or, Plaintiff may consider information untimely if it is produced during discovery but after a certain deposition.  Because Plaintiff has not proffered a meaning of the term "timely," Plaintiff's motion is incomprehensible and must be denied.

To the extent Plaintiff seeks to exclude certain documents or information provided after the close of fact or expert discovery, Defendants cannot respond to this motion without knowing exactly to what information Plaintiff's motion is directed.  For example, were Plaintiff requesting that Defendants' large links exemplars should be excluded because they were produced after the close of expert discovery, Plaintiff's motion lacks merit.  As already described in Defendants' opposition to Plaintiff's Motion No. 2, the large link exemplars are relevant to the issues to be raised at trial and their introduction into evidence will not prejudice Plaintiff.  Indeed, just because evidence is produced after close of discovery, does not mean it must be automatically excluded.  *See, e.g., Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 380 (S.D.N.Y. 2005) (denying motion *in limine* to exclude memorandum produced after discovery deadline); *Rattigan v. Commodore Intern. Ltd*., No. 87 CIV. 2729 (MBM), 1989 WL 151678 (S.D.N.Y. Dec. 8, 1989) (denying motion to exclude documents not produced in discovery, but requiring defendant to produce to plaintiff all documents it intends to introduce at trial).

13

Defendants cannot be expected to guess each and every piece of evidence Plaintiff seeks to preclude on purported untimeliness grounds.  And unable to know what precisely Plaintiff had in mind when it filed this motion, Defendant is unable to explain why such evidence may be appropriately offered into evidence.  Given the lack of specificity in Plaintiff's motion, it must be denied.  *Viada v. Osaka Health Spa, Inc.*, No. 04 Civ. 2744 VMKNF, 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005) (denying motion *in limine* because it failed to "specify the writings or potential testimony that the movants believe should be excluded from the trial…[and] the Court is unable to determine, with any degree of certainty, whether the writings and testimony sought to be excluded from the trial would be inadmissible under any of the provisions of the Federal Rules of Evidence.").  Should Plaintiff add further clarification in its reply brief, Defendants reserve the right to seek the Court's permission to address newly raised issues in a sur-reply.

### K.        Opposition to Plaintiff's *In Limine* Motion No. 11

Plaintiff seeks an instruction barring Defendants from inquiring into privileged communications "in any manner."  The instruction Plaintiff seeks is (i) unnecessary, (ii) over-reaching, and (iii) improperly unilateral.

*First*, the protection of attorney-client privileged communications is well established in the law.  There is no apparent need for the instruction Plaintiff requests, and Plaintiff's scant motion does nothing to illuminate any such need.

*Second*, Plaintiff's simplistic request is far too broad.  As the Court is well aware, the jurisprudence surrounding assertions of the attorney-client privilege is nuanced, having developed over a significant expanse of time.  Plaintiff's proposed limitation would destroy all nuanced protections within that body of law.  For instance, Plaintiff's request would prevent Defendants from obtaining factual, privilege-log level information necessary to test assertions of

the privilege.  Such an instruction exceeds the limits of the attorney-client privilege and is thus improper.

*Third*, as with many of Plaintiff's other motions *in limine,* the instant motion seeks to impose limitations on Defendants without placing reciprocal limitations on Plaintiff.   Therefore, Defendants oppose Plaintiff's Motion No. 11, and respectfully request that this Court deny that motion.

To the extent this Court grants Plaintiff's Motion No. 11, Defendants request this Court similarly prohibit Plaintiff from questioning in any manner Defendants or Defendants' employees or representatives regarding, or otherwise alluding to, any communications or other matters that have been transacted between Defendants and their attorneys since the same are privileged as a matter of law.

### L.  Opposition to Plaintiff's *In Limine* Motion No. 12

Plaintiff seeks an instruction prohibiting Defendants from referencing Plaintiff's objections to Defendants' discovery requests.  Defendants do not oppose the substance of Plaintiff's Motion No. 12, however, Defendants, again, oppose the unilateral nature of Plaintiff's requested relief.  As such, Defendants respectfully request that this Court similarly prohibit Plaintiff from referencing Defendants' objections to Plaintiff's discovery requests.

### M.  Opposition to Plaintiff's *In Limine* Motion No. 13

Plaintiff seeks an instruction prohibiting Defendants from referencing any arrest, indictment, trial, or conviction of a crime of any of Plaintiff's witnesses.  Defendants do not oppose the substance of Plaintiff's Motion No. 13, however, Defendants oppose the unilateral nature of Plaintiff's requested relief.  Therefore, Defendants respectfully request that this Court

similarly prohibit Plaintiff from referencing any arrest, indictment, trial, or conviction of a crime of any of Defendants' witnesses.

### N.      Opposition to Plaintiff's *In Limine* Motion No. 14

Plaintiff seeks an instruction prohibiting Defendants from commenting on the failure of Plaintiff or Plaintiff's counsel to call any witness not present at trial, which witness was equally accessible to process by Defendants.  Defendants do not oppose the substance of Plaintiff's Motion No. 14, however, Defendants oppose the unilateral nature of Plaintiff's requested relief.  Therefore, Defendants respectfully request that this Court similarly prohibit Plaintiff from commenting on the failure of Defendants or Defendants' counsel to call any witness not present at trial, which witness was equally accessible to process by Plaintiff.

### O.      Opposition to Plaintiff's *In Limine* Motion No. 15

Plaintiff seeks an instruction prohibiting Defendants from referencing evidence not previously made available to Plaintiff's counsel for examination prior to trial of this case. Defendants do not oppose the substance of Plaintiff's Motion No. 15, however, Defendants oppose the unilateral nature of Plaintiff's requested relief.  Therefore, Defendants respectfully request that this Court similarly prohibit Plaintiff from referencing evidence not previously made available to Defendants' counsel for examination.

### P.      Opposition to Plaintiff's *In Limine* Motion No. 16

Plaintiff seeks an instruction prohibiting Defendants from referencing any settlement offers made by Plaintiff in this or previous cases.  Defendants do not oppose the substance of Plaintiff's Motion No. 16, however, Defendants oppose the unilateral nature of Plaintiff's requested relief.  Therefore, Defendants respectfully request that this Court similarly prohibit Plaintiff from referencing any settlement offers made by Defendants in this or previous cases.

**Q.      Opposition to Plaintiff's *In Limine* Motion No. 17**

Plaintiff's motion to preclude at trial "any reference to any unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof, made or filed by Plaintiff" is too vague and unclear for this Court to make any determination as to whether such testimony or evidence is admissible, and as such, Plaintiff's motion must be denied. *See Viada*, 2005 WL 343511 at *1 (denying the motion *in limine* for lack of specificity).  Further, Plaintiff provides no factual nor legal support for its motion.  As "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds," *In re GII Industries, Inc.*, 2010 WL 2044635, at *2 (E.D.N.Y. 2010), and Plaintiff has failed to make any such showing, Plaintiff's motion should be denied in its entirety.

**R.      Opposition to Plaintiff's *In Limine* Motion No. 18**

Plaintiff provides no factual or case law support for its argument that fee arrangements between Plaintiff and its counsel is inadmissible.  As "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds," *In re GII Industries,* 2010 WL 2044635, at *2, and Plaintiff has failed to make any such showing, Plaintiff's motion should be denied in its entirety.

**S.      Opposition to Plaintiff's *In Limine* Motion No. 19**

Plaintiff seeks an instruction prohibiting Defendants from referencing any party's or witness' use of alcohol, tobacco, or controlled substance.  Defendants do not oppose the substance of Plaintiff's Motion No. 19, however, Defendants oppose the unilateral nature of Plaintiff's requested relief.  Therefore, Defendants respectfully request that this Court similarly prohibit Plaintiff from referencing any party's or witness' use of alcohol, tobacco, or controlled substance.

## IV.   CONCLUSION

For the reasons discussed above, the Mimi So Defendants respectfully request that the Court deny Plaintiff's Motions Nos. 1, 2, 3, 4, 6, 7, 8, 10, 11, 17 and 18.


Dated:   March 15, 2011
        New York, New York

                                    Respectfully submitted,


                                    s/ Deepro R. Mukerjee

Deepro R. Mukerjee
Victoria E. Spataro
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel.: (212) 210-9400
Fax: (212) 210-9444
Deepro.Mukerjee@alston.com
Victoria.Spataro@alston.com

Martin J. Elgison
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3449
Tel: 404-881-7000
Fax: 404-881-7777
Marty.Elgison@alston.com


*Attorneys for Defendants Mimi So and
Mimi So International*