UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.F.M.A.S., INC. | |
| Plaintiff, | |
| v. | CASE NO.: 06-CV-13114 (VM) |
| MIMI SO AND MIMI SO INTERNATIONAL, INC., and RICHEMONT SA and RICHEMONT NORTH AMERICA and RICHEMONT HOLDINGS 1 and RICHEMONT INTERNATIONAL, LTD., | |
| Defendants, | <u>JURY TRIAL DEMANDED</u> |

## PLAINTIFF RFMAS, INC.'S REPLY IN SUPPORT OF MOTIONS *IN LIMINE*

PLEASE TAKE NOTICE that Plaintiff RFMAS, Inc. respectfully submits this Reply in Support of its Motions *in Limine*. For the reasons set forth in its Memorandum of Law submitted in support of its Motions, and the reasons set forth below, Plaintiff requests that the Court grant each of its Motions.

Dated:  New York, New York
        March 21, 2011

By:

FELDMAN LAW GROUP

<u>/s Steven M. Crosby, Esq.</u>
Steven M. Crosby (SC1204)
220 East 42nd Street – Suite 3304
New York, New York 10017
Tel.: (212) 532-8585
Fax:  (212) 532-8598

KILGORE & KILGORE, PPLC

<u>/s Theodore C. Anderson</u>
Theodore C. Anderson (TA4769)
3109 Carlisle Street
Dallas, Texas  75204
Tel.: (214) 969-9099
Fax: (214) 214-953-0133

ATTORNEYS FOR PLAINTIFF
RFMAS, INC.

1. **Plaintiff's Motion *in Limine* No. 1**

   Defendants argue that they should be permitted to introduce third-party designs "to enable the fact finder to assess which elements/arrangements are common and which elements/arrangements, if any, are protectable." (Def. Opp. At 3) Thus, they argue, "in assessing substantial similarity between Plaintiff's works and the accused works, third party designs are highly relevant." (*Id.*) Their sole support for this claim is *Great Importations, Inc. v. Caffco Intern., Inc.*, No. 95 CIV 0514 MBM SEG, 1997 U.S. Dist. LEXIS 10700 (S.D.N.Y. July 27, 2004). To be clear, the cited case in no way stands for a sweeping mandate on admissibility of third party designs in copyright infringement cases.

   Rather, defendants rely on dicta in which the *Great Importations* court considered catalogs and advertisements of other companies proffered by the defendants with similar depictions of holly leaves and berries. *Id.* at *15. There is no discussion of the general admissibility of such evidence. Indeed, the *Great Importations* plaintiff conceded that the depiction of three-leafed holly with three berries – one of the plaintiff's key design elements – was a common holiday symbol. *Id.* at *15-16. Moreover, there is no indication in that case that the plaintiff objected to the admissibility of the proffered evidence. As the case was decided on summary judgment, the evidence of third-party design was never considered by a factfinder.

   Similarly, in *Towle Mfg. Co. v. Godinger Silver Art Co., Ltd.*, 612 F. Supp. 986, 991-92 (S.D.N.Y. 1985), the plaintiff conceded that its relevant design consisted of the same patterns of cuttings as a third-party design and, indeed, the box in which the plaintiff's design was marketed bore the third-party's design line moniker. The court in *Towle* concluded that the plaintiff had not made any original contribution to its design, but rather had simply used the elements of the third-party's design in a common configuration. *Id.* at 992.

By contrast, there is no evidence in this case that Plaintiff simply utilized elements of a third-party's design. Nor does Plaintiff take issue with Defendants' use of gold, or its use of gemstones, or even its use of chain link *per se*.[1] It is Plaintiff's original compilation of these elements that is protectable, and Defendants' copying of Plaintiff's compilation that is at issue here. Indeed, nowhere does Defendant So testify that she relied upon allegedly common third-party design elements for the Gate B9 collection. Evidence, therefore, of third-party designs utilizing any of these elements would lack any probative value to Plaintiff's claims of copyright infringement, and would further invoke the concerns of Rule 403.

### 2. **Plaintiff's Motion *in Limine* No. 2**

Defendants argue that their "manufacture and offer to manufacture certain large link pieces is explicitly allowed under Judge Dolinger's ruling." (Def. Opp. At 5) This claim misstates the Court's ruling, which provides *only* that Defendants may "proffer the fact that, long after discovery closed, they prepared certain pieces of jewelry for plaintiff to inspect and that these pieces of jewelry matched the allegedly infringing ones that defendants had previously sold, they will be free to do so." (D.E. 232 at 5) Judge Dolinger did not, contrary to Defendants' claim, rule that Defendants would be permitted to introduce any after-the-fact manufactured pieces. This Court noted that Plaintiff "was free to agree to use such after-the-fact manufactured exemplars or not, as it chose," but that "the Mimi So defendants could not evade responsibility for their spoliation by the late production of such items absent plaintiff's consent."[2] Given that

---

[1]   Defendants' actions belie their claim that "copyright protection does not extend to commonplace designs, such as simple, linked chains." (Def. Opp. At 3) Plaintiff has just discovered that after the inception of this litigation, the Mimi So Defendants applied for and subsequently obtained copyright protection for her Gate B9 Collection, apparently with the exception of the large link pieces. This collection, of course, consists of linked chains, such as those used in Plaintiff's Stella collection. Thus, despite Defendants' claim that such "commonplace designs" are unprotectable, they have both sought and indeed secured such protection for those designs (in Registration No. VA 1-663-609, Application/Registration Date: Nov 6, 2007, Title: Gate B9 Collection) which it failed to disclose to Plaintiff and the Court during discovery, during summary judgment or anytime thereafter.

[2]   October 5, 2010 Memorandum and Order (Docket #232), at 3-4.

3

Plaintiff has chosen not to agree to use the after-the-fact manufactured pieces, they have no relevance to Plaintiff's claims. Any such pieces are not at issue in Plaintiff's copyright infringement claims before the Court. Defendants point to no evidence that such pieces were ever offered for sale. Introduction of these pieces would certainly confuse the jurors, by leading them to believe that the pieces are the infringing pieces, when they clearly are not. Indeed, the offer of such evidence is not even consistent with Defendants position in this case. Defendants have testified and argued throughout this litigation that no two Mimi So large link pieces are alike and, moreover, that "no two pieces could look exactly alike".[3] Such confusion would of course result in prejudice to Plaintiff. For these reasons, and because the Court has ordered that Defendants may not offer the after-the-fact manufactured pieces at trial, Plaintiff's *in limine* motion should be granted.

### 3. Plaintiff's Motion *in Limine* No. 3

Despite Defendants' arguments, they cannot deny that both of their damages experts – Michelle Riley and Steven Schwartz – specifically state in their reports that they were retained by Defendants to analyze and critique the reports of Plaintiff's proffered damages experts.[4] Indeed, Defendants do not even try to dispute that the analysis and testimony of Steven Schwartz has no relevance given the Court's exclusion of Plaintiff's damages experts. To the extent that Ms. Riley's or Mr. Schwartz's reports and proffered testimony purport to analyze, criticize, or otherwise respond to the reports of Don Smith and/or Steven Hansen, the Court should grant Plaintiff's *in limine* motion and preclude such evidence.

---

[3] *See* Sept. 9, 2008 Declaration of William Richardson, at para. 3 & 4 (true and correct copy without exhibits attached to Supplemental Declaration of Steven M. Crosby, submitted in support herewith); *see also* Dec. 14, 2007 Declaration of William Richardson, para. 7, and Deposition of Mimi So, at pp. 59:24-60:17 (also attached to Crosby Decl.)

[4] *See* Plaintiff's Memorandum of Law in Support of Motions *in Limine*, at 5.

4

### 4. Plaintiff's Motion *in Limine* No. 4

To support their argument that they should be allowed to introduce evidence of purported distinguishing characteristics of the Mimi So designs, Defendants overlook the weight of the authority on this issue in this Circuit. The "ordinary observer" and "substantial similarity" tests applicable here are aptly named: the focus is on the similar characteristics that the ordinary observer would regard. Under this standard, considering the "primary elements" of the pieces at issue, the key is the similarities between the pieces. *See Malden Mills, Inc. v. Regency Mills, Inc.*, 626 F.2d 1112, 1114 (2de Cir. 1980); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 913 (2d Cir. 1980). In *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982), the dissent emphasized that "my brethren looked for differences and of course found them . . . but in doing so, they violate this circuit's rule . . . ." Judge Lumbard wisely noted that "[t]he toy buyers will not have the two side by side for comparison as we did," and "[n]or will they carry rulers to detect that the snowmen's nose widths, lip lengths, eye spaces and button diameters differ by fractions of an inch. . . . No; the average observer's glance will light on one with the same favor as on the other." *Id.* at 501. Simply stated, looking for such differences as would require keen analysis and discernment is not the rule in this circuit.

The other cases relied upon by Defendants are inapposite. While the *Durham* court recognized that numerous differences may undercut substantial similarity between designs, the case cited by that court, *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974), was decided in the context of numerous *observable* differences. The court there held that "we believe the average layman would indeed detect numerous differences, the existence of which are conceded by appellant's President, which tend to eliminate any substantial

similarity of protected expression." *Id.* at 65. Similarly, in *Attia v. Society of the New York Hosp.*, 201 F.3d 50 (2d Cir. 1999), the court held that major differences were *readily apparent* to the ordinary observer. Thus, the only differences that are relevant under the law of this circuit are those that are readily apparent to the ordinary observer, not those highlighted by an industry insider. Here, any evidence that the Mimi So pieces are distinguishable by weight, texture, or other characteristics not readily apparent is outside the context of the ordinary observer test. Defendants point to no cases to the contrary.

5. **Plaintiff's Motions *in Limine* Nos. 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 19**

As to each of these *in limine* motions, Plaintiff requests that the Court grant the same and further is not opposed to the Court's reciprocal order of the same in favor of Defendants.

6. **Plaintiff's Motion *in Limine* No. 8**

In response to Defendants' urging of clarification, Plaintiff offers the following. By this motion, Plaintiff seeks to exclude any reference by Defendants' counsel at trial of the testimony of any witness whom either (a) Plaintiff's counsel elects not to call to testify or (b) is unavailable to testify at trial. Plaintiff does not seek to exclude the testimony of a witness appearing by deposition nor to limit Defendants' counsel use of the applicable exceptions to the hearsay rule under the Federal Rules of Evidence.

7. **Plaintiff's Motion *in Limine* No. 10**

By this motion, Plaintiff seeks to exclude, consistent with the Federal Rules of Civil Procedure and the rules of this Court, any information that Defendants failed to timely provide during the discovery phase of this case, *i.e.*, before the close of discovery. With respect to Defendants' argument that they should nonetheless be permitted to introduce the after-the-fact

manufactured large link exemplars, as Plaintiff addressed *supra*, the Court has already ruled that Defendants may not introduce such exemplars.

8. **Plaintiff's Motion *in Limine* No. 17**

Plaintiff seeks to preclude Defendants' counsel from referencing unrelated, prior, or subsequent claims, suits or settlements by Plaintiff. Such evidence would include, consistent with Rules 402, 403, and 408, reference to settlement with former defendants in this action, as well as any prior suits, claims, or settlements by or against Plaintiff. Any such evidence has no relevance to the issues before the Court, and carries with it risk of confusion of the jurors, unfair prejudice, and undue delay.

9. **Plaintiff's Motion *in Limine* No. 18**

Plaintiff seeks to preclude Defendants' counsel from referencing fee arrangements between Plaintiff and Plaintiff's counsel. Such evidence has no relevance to any issue in this case, and would likely result in unfair prejudice to Plaintiff. Such evidence would also result in undue delay and waste of time. Such evidence, therefore, should be excluded under Rules 402 and 403.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motions in their entirety, as discussed herein.

RESPECTFULLY SUBMITTED this 21st day of March, 2011.

By:/s Steven M Crosby, Esq.
Steven M. Crosby (SC1204)
220 East 42nd Street – Suite 3304
New York, New York 10017
Tel.: (212) 532-8585
Fax:  (212) 532-8598

KILGORE & KILGORE, PPLC

/s Theodore C. Anderson
Theodore C. Anderson (TA4769)
3109 Carlisle Street
Dallas, Texas 75204
Tel.: (214) 969-9099
Fax: (214) 214-953-0133

ATTORNEYS FOR PLAINTIFF
RFMAS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of New York, using the electronic case filing system of the court. The electronic case filing system should automatically send a "Notice of Electronic Filing" to the following listed attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Such attorney(s) may also be served via any additional means listed below.

*/s/ Steven M. Crosby*
Steven M. Crosby

Martin J. Elgison
Alston & Bird LLP
One Atlantic Center, 1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7167
(404) 253-8179 (fax)
martin.elgison@alston.com

Deepro R. Mukerjee
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016
(212)-210-9400
(212)-210-9444 (fax)
deepro.mukerjee@alston.com

Victoria Elizabeth Spataro
Alston & Bird, LLP(NYC)
90 Park Avenue
New York, NY 10016
(212)-210-9465
(212)-922-3865 (fax)
vickie.ford@alston.com